OPINION
{¶ 1} Defendant, Stephan J. Howard, appeals from a summary judgment for the State on Howard's petition for post-conviction relief.
 {¶ 2} ASSIGNMENT OF ERROR
 {¶ 3} "The trial court prejudicially erred in overruling the defendant's petition to vacate or set aside sentence pursuant to o.r.c. section 2953.21 and sustaining plaintiff's motion to dismiss or for summary judgment without an evidentiary hearing."
 {¶ 4} Howard was convicted on his negotiated pleas of guilty on June 7, 1999, of aggravated murder with a firearm specification, three counts of felonious assault, and four counts of aggravated robbery. He was sentenced to an aggregate sentence of life imprisonment plus six years on June 11, 1999. Howard took no appeal from his conviction and sentence.
 {¶ 5} Howard filed an R.C. 2953.21 petition for post-conviction relief on February 6, 2004. The petition alleged that a signature purporting to be Howard's that appears on a speedy trial waiver filed in his criminal proceeding was forged. Attached to the petition is an affidavit by Howard's mother stating that the signature on the waiver is not Howard's.
 {¶ 6} The trial court granted summary judgment for the State on its motion. The court found that the petition was untimely and that no basis to extend the time for filing had been shown. We agree.
 {¶ 7} Where no direct appeal is taken from a criminal conviction, a petition for post-conviction relief must be filed within one hundred and eighty days after the expiration of the thirty days for filing an appeal in App.R. 4(A). R.C.2953.21(A)(2). That time limit is jurisdictional. The two hundred and ten day time allowed had long since expired when Howard filed his February 6, 2004 petition to vacate the sentence the court had imposed on June 11, 1999.
 {¶ 8} R.C. 2953.21(A)1) authorizes the court to extend the time for filing if the petitioner shows either (a) that he was unavoidably prevented from discovering the facts on which his grounds for relief relies or (b) that the United States Supreme Court has recognized a new right that applies retroactively on which the claim for relief relies. Unless one of those circumstances is shown with respect to a petition that is untimely filed, the court lacks jurisdiction to entertain the petition or to grant the relief requested. State v. Brewer (May 14, 1999), Montgomery App. No. 17201.
 {¶ 9} Howard claims that the signature on the written speedy trial waiver is not his, and that he had refused his attorney's request to sign the waiver. He argues that the forgery was discovered only recently by an attorney hired by his mother. Howard states that the petition was filed immediately on learning of the allegedly fraudulent signature, which he attributes to the misconduct of "his then counsel, a court employee or the prosecutor or some other person." (Brief, P. 6). On that basis, Howard argues that the State had a duty to advise him of the fraudulent signature.
 {¶ 10} Howard's late-discovery contentions are insufficient. In order for a petitioner to have been prevented from discovery of facts "unavoidably," there must be some functional impediment to their discovery other than the petitioner's own ignorance of the facts. That is so even though the petitioner's incarceration limited his access to the record. No such impediment is shown here. Stated otherwise, Howard points to nothing that prevented him from learning of the alleged fraud in the way that he did but at an earlier date, in order to file his petition timely. Howard's claim that the State had a duty to make him aware of the fraud assumes that the State had knowledge of it, and there is no foundation in the record or on the face of the petition or the attached affidavit that would support such a finding.
 {¶ 11} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Wolff, J. and Young, J., concur.